UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. SANFORD,  Case No. 2:13-CV-15167

    Plaintiff,  Honorable Sean F. Cox

v

DELOITTE, LLP a/k/a
  DELOITTE & TOUCHE USA LLP

    Defendant.
_____/

| | |
|---|---|
| Alice B. Jennings (P29064) | Elizabeth Hardy (P37426) |
| EDWARDS & JENNINGS, PC | Thomas J. Davis (D.C. #490033) |
| 65 Cadillac Square, Suite 2710 | KIENBAUM OPPERWALL |
| Detroit, MI 48226 |   HARDY & PELTON, P.L.C. |
| (313) 961-5000 | 280 N. Old Woodward Avenue |
| ajennings@edwardsjennings.com | Suite 400 |
| | Birmingham, MI  48009 |
| Felicia Duncan Brock (P63352) | (248) 645-0000 |
| I.A.B. ATTORNEYS AT LAW, PLLC | ehardy@kohp.com |
| 25447 Plymouth Road | tdavis@kohp.com |
| Redford, MI 48239 | |
| (313) 318-3180 | *Attorneys for Defendant* |
| Duncan@iabattorneys.com | |

*Attorneys for Plaintiff*

_____/

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Deloitte LLP (incorrectly referred to as being "also known as" Deloitte & Touche USA LLP in the First Amended Complaint) by and through its undersigned counsel, Answers Plaintiff's First Amended Complaint and asserts Affirmative Defenses as follows:

1. Defendant does not contest that this Court has jurisdiction over this matter, but denies as untrue any allegation or inference that it has violated the law or that damages are owing.

2. On information and belief, Defendant admits Plaintiff's statement in Paragraph 2 regarding her personal information and residence.

3. Denied. Deloitte LLP has an office in New York, NY. There is no entity currently affiliated with Deloitte LLP named "Deloitte & Touche USA LLP." The subsidiary of Deloitte LLP that provides accounting services to clients, Deloitte & Touche LLP, likewise has an office in New York, NY.

4. Defendant admits only that Deloitte & Touche LLP has four offices in Michigan, with one of these offices in Detroit, Wayne County, Michigan. Defendant denies as untrue any remaining allegations contained in paragraph 4.

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Defendant admits only that it has candidate records indicating that four apparently different persons with the name Angela Sanford have applied for

positions with Deloitte LLP and/or subsidiaries. Defendant further admits that one of those applicants has made thirteen applications with Deloitte LLP subsidiaries, and, upon information and belief, that applicant appears to be the Plaintiff. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6.

7. Defendant admits that the applicant referred to in Paragraph 6 of this Answer sought intern and full-time positions at varying points in time. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 7.

8. Defendant admits that the applicant referred to in Paragraph 6 of this Answer received initial screening interviews for a tax intern position in 2006 and a tax intern position in 2008. Denied to the extent that Plaintiff alleges or implies that her "traditionally, non-African American name" was a factor in any invitations she received for job interviews.

9. Defendant admits that Plaintiff was never offered a position with Deloitte LLP or any of its subsidiaries, but denies as untrue any allegation or inference that it has violated the law or that damages are owing.

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Defendant admits only that Plaintiff attempted to gain employment with Deloitte & Touche LLP in 2012. Defendant denies as untrue any remaining inferences contained in paragraph 13.

14. Defendant admits that Plaintiff participated in a Walsh College Campus interview in 2012. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the rest of the inferences and allegations contained in paragraph 14.

15. Defendant admits only that Plaintiff was not offered employment with Deloitte LLP or any of its subsidiaries, but denies as untrue any allegation or inference that it has violated the law or that damages are owing. Defendant denies as untrue any remaining allegations or inferences contained in paragraph 15.

16. Defendant admits that in 2012, Plaintiff participated in a Walsh College campus interview, and on October 16, 2012 had three interviews and a lunch at the Deloitte & Touche LLP Detroit office, as did numerous other entry-level candidates that day. Defendant further admits that Plaintiff was not offered employment with Deloitte LLP or any of its subsidiaries following those

interviews, but denies as untrue any allegation or inference that it has violated the law or that damages are owing. Defendant denies as untrue any remaining allegations or inferences contained in paragraph 16.

17. Defendant denies as untrue the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant denies as untrue the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant admits that, in the 2012 recruiting season, the Deloitte & Touche LLP Detroit office offered employment for the entry-level positions at issue to six men and five women, and that those eleven individuals included people who were African American, Asian, Caucasian, and Hispanic. Defendant denies that it knew the ages of the candidates at the time of their hiring, but has subsequently determined (for the ten of the eleven who have since started work with Deloitte & Touche LLP) that the candidates were between the ages of 21 and 34 years old at the time the offers were extended.

20. Defendant denies as untrue the allegations in Paragraph 20 of Plaintiff's First Amended Complaint, including the inference or allegation that a CPA license, advanced degree, or auditing and accounting experience (beyond internships, summer positions, or school jobs) were qualifications for the entry-level position that Plaintiff had sought.

21. Defendant denies as untrue the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies as untrue the allegation in Paragraph 22 as all of the candidates had at least a 3.2 GPA in his or her undergraduate degree program, Master's Degree program, or both.

23. Defendant admits that it offered employment to applicants who did not have a CPA license, and that it offered employment to applicants who did not then have the one year's work experience necessary, among other things, to obtain a CPA license. Defendant denies as untrue the remaining inferences and allegations in Paragraph 23 of Plaintiff's First Amended Complaint, including (1) the inference or allegation that possessing the one year's work experience necessary for a CPA license (or possessing a CPA license itself) was a qualification for the entry-level position that Plaintiff had sought, and (2) the inference or allegation that the candidates offered employment in the 2012 recruiting season were expected or required to obtain their CPA license as of the date of Plaintiff's First Amended Complaint.

24. Defendant admits that Plaintiff filed a charge of discrimination with the Michigan Department of Civil Rights and the U.S. Equal Opportunity Commission on March 29, 2013, but denies as untrue any allegation or inference that it has violated the law or that damages are owing.

5

25. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

### COUNT I: Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

26. Defendant incorporates by reference its answers to Paragraphs 1 through 25 of Plaintiff's First Amended Complaint as though fully set forth herein.

27. Defendant neither admits nor denies the allegations contained in paragraph 27 because said allegations are a legal conclusion to which no response is required.

28. Defendant denies as untrue the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendant denies as untrue the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant denies as untrue the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies as untrue the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant denies as untrue the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant denies as untrue the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendant denies as untrue the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

### COUNT II: Race Discrimination in Violation of the Michigan Elliott-Larsen Civil Rights Act

35. Defendant incorporates by reference its answers to Paragraphs 1 through 34 of Plaintiff's First Amended Complaint as though fully set forth herein.

36. Defendant neither admits nor denies the allegations contained in paragraph 36 because said allegations are a legal conclusion to which no response is required.

37. Defendant denies as untrue the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant denies as untrue the allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant denies as untrue the allegations in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendant denies as untrue the allegations in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendant denies as untrue the allegations in Paragraph 41 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

### COUNT III: Age Discrimination in Violation of the Age Discrimination in Employment Act

42. Defendant incorporates by reference its answers to Paragraphs 1 through 41 of Plaintiff's First Amended Complaint as though fully set forth herein.

43. Defendant neither admits nor denies the allegations contained in paragraph 43 because said allegations are a legal conclusion to which no response is required.

44. Defendant denies as untrue the allegations in Paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendant denies as untrue the allegations in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendant denies as untrue the allegations in Paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendant denies as untrue the allegations in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant denies as untrue the allegations in Paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendant denies as untrue the allegations in Paragraph 48 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

### COUNT IV:  Age Discrimination in Violation of the Michigan Elliott-Larsen Civil Rights Act

50. Defendant incorporates by reference its answers to Paragraphs 1 through 49 of Plaintiff's First Amended Complaint as though fully set forth herein.

51. Defendant neither admits nor denies the allegations in Paragraph 51 of Plaintiff's First Amended Complaint for the reason that they state legal conclusions to which no response is required.

52. Defendant denies as untrue the allegations in Paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendant denies as untrue the allegations in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendant denies as untrue the allegations in Paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendant denies as untrue the allegations in Paragraph 55 of Plaintiff's First Amended Complaint.

56. Defendant denies as untrue the allegations in Paragraph 56 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

### COUNT V: Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964

57. Defendant incorporates by reference its answers to Paragraphs 1 through 56 of Plaintiff's First Amended Complaint as though fully set forth herein.

58. Defendant neither admits nor denies the allegations in Paragraph 58 of Plaintiff's First Amended Complaint for the reason that they state legal conclusions to which no response is required.

59. Defendant denies as untrue the allegations in Paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendant denies as untrue the allegations in Paragraph 60 of Plaintiff's First Amended Complaint.

61. Defendant denies as untrue the allegations in Paragraph 61 of Plaintiff's First Amended Complaint.

62. Defendant denies as untrue the allegations in Paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendant denies as untrue the allegations in Paragraph 63 of Plaintiff's First Amended Complaint.

64. Defendant denies as untrue the allegations in Paragraph 64 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

### COUNT VI:  Sex Discrimination in Violation of the Michigan Elliott-Larsen Civil Rights Act

65. Defendant incorporates by reference its answers to Paragraphs 1 through 64 of Plaintiff's First Amended Complaint as though fully set forth herein.

66. Defendant neither admits nor denies the allegations in Paragraph 66 of Plaintiff's First Amended Complaint for the reason that they state legal conclusions to which no response is required.

67. Defendant denies as untrue the allegations in Paragraph 67 of Plaintiff's First Amended Complaint.

68. Defendant denies as untrue the allegations in Paragraph 68 of Plaintiff's First Amended Complaint.

69. Defendant denies as untrue the allegations in Paragraph 69 of Plaintiff's First Amended Complaint.

70. Defendant denies as untrue the allegations in Paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendant denies as untrue the allegations in Paragraph 71 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint, in whole or part, fails to state a claim upon which relief can be granted as a matter of fact and/or of law.

2. Upon information and belief, Plaintiff's claims are barred, in whole or part, by the equitable doctrines of laches, estoppel, or unclean hands.

3. Upon information and belief, Plaintiff failed, in whole or part, to mitigate her alleged damages.

4. Upon information and belief, Plaintiff's claims and/or damages may be barred or mitigated, in whole or part, by the doctrine of after-acquired evidence.

5. Upon information and belief, Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

6. Upon information and belief, Plaintiff's claims may be barred, in whole or part, because of her failure to exhaust administrative remedies.

7. Upon information and belief, Plaintiff's claim for punitive damages is barred by the Michigan Elliott-Larsen Civil Rights Act

Defendant reserves the right to amend or supplement these affirmative defenses as rendered appropriate by discovery in this matter.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or any of the categories of damages claimed, and Defendant requests a judgment of no cause of action with costs and attorney fees to Defendant.

By: */s/Elizabeth Hardy*
Elizabeth Hardy (P37426)
Thomas J. Davis (D.C. #490033)
KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

Attorneys for Defendant

Dated:  March 24, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. SANFORD,   Case No. 2:13-CV-15167

    Plaintiff,   Honorable Sean F. Cox

v.

DELOITTE, LLP a/k/a
  DELOITTE & TOUCHE USA LLP

    Defendant.
_____/

| | |
|---|---|
| Alice B. Jennings (P29064) | Elizabeth Hardy (P37426) |
| EDWARDS & JENNINGS, PC | Thomas J. Davis (D.C. #490033) |
| 65 Cadillac Square, Suite 2710 | KIENBAUM OPPERWALL |
| Detroit, MI 48226 |   HARDY & PELTON, P.L.C. |
| (313) 961-5000 | 280 N. Old Woodward Avenue |
| ajennings@edwardsjennings.com | Suite 400 |
| | Birmingham, MI  48009 |
| Felicia Duncan Brock (P63352) | (248) 645-0000 |
| I.A.B. ATTORNEYS AT LAW, PLLC | ehardy@kohp.com |
| 25447 Plymouth Road | tdavis@kohp.com |
| Redford, MI 48239 | |
| (313) 318-3180 | *Attorneys for Defendant* |
| Duncan@iabattorneys.com | |
| | |
| *Attorneys for Plaintiff* | |

_____/

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 24, 2014, I electronically filed the foregoing Defendant's Answer to First Amended Complaint and Affirmative Defenses with

14

the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>ajennings@edwardsjennings.com
>Duncan@iabattorneys.com

I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

>(no manual recipients)

*/s/Elizabeth Hardy*
280 North Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
Email:  ehardy@kohp.com
(P37426)

197322_2

15