UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. SANFORD,      Case No. 2:13-CV-15167

    Plaintiff,      Honorable Sean F. Cox
                    Magistrate David R. Grand

v

DELOITTE, LLP a/k/a
  DELOITTE & TOUCHE USA LLP,
  a/k/a DELOITTE & TOUCHE LLP

    Defendant.
_____/

Alice B. Jennings (P29064)　　　　　Elizabeth Hardy (P37426)
EDWARDS & JENNINGS, PC　　　　Thomas J. Davis (D.C. #490033)
65 Cadillac Square, Suite 2710　　　　KIENBAUM OPPERWALL
Detroit, MI 48226　　　　　　　　　　　HARDY & PELTON, P.L.C.
(313) 961-5000　　　　　　　　　　280 N. Old Woodward Avenue
ajennings@edwardsjennings.com　　Suite 400
　　　　　　　　　　　　　　　　　　　Birmingham, MI  48009
Felicia Duncan Brock (P63352)　　　(248) 645-0000
I.A.B. ATTORNEYS AT LAW, PLLC　ehardy@kohp.com
25447 Plymouth Road　　　　　　　tdavis@kohp.com
Redford, MI 48239
(313) 318-3180　　　　　　　　　　*Attorneys for Defendant*
Duncan@iabattorneys.com

 *Attorneys for Plaintiff*
_____/

**DEFENDANT'S PARTIAL ANSWER TO SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Deloitte LLP (incorrectly referred to as being "a/k/a Deloitte & Touche USA LLP, a/k/a Deloitte & Touche LLP" in the Second Amended Complaint) by and through its undersigned counsel, partially answers Plaintiff's Second Amended Complaint and asserts Affirmative Defenses as follows[1]:

1. Defendant does not contest that this Court has jurisdiction over this matter, but denies as untrue any allegation or inference that it has violated the law or that damages are owing.

2. On information and belief, Defendant admits Plaintiff's statement in Paragraph 2 regarding her personal information and residence.

3. Denied. Deloitte LLP has an office in New York, NY. There is no entity currently affiliated with Deloitte LLP named "Deloitte & Touche USA LLP." The subsidiary of Deloitte LLP that provides accounting services to clients, Deloitte & Touche LLP, likewise has an office in New York, NY.

4. Defendant admits only that Deloitte & Touche LLP has four offices in Michigan, with one of these offices in Detroit, Wayne County, Michigan. Defendant denies as untrue any remaining allegations contained in paragraph 4.

---

[1] Defendant has filed a partial motion to dismiss Counts I, III, and V of Plaintiff's Second Amended Complaint. (Dkt. No. 15). Most courts have held that a partial motion to dismiss enlarges the time for answering the entire complaint, as is the case with a full motion to dismiss. *See* Fed.R.Civ.P. 12(a)(4); 5B Wright, Miller, *et al.*, Federal Practice and Procedure §1346 nn. 17-18 (3d ed. 2004). But since there is contrary authority in this district, *see Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978), out of caution, Defendant answers the Second Amended Complaint with the exception of Counts I, III, and V.

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Defendant admits only that it has candidate records indicating that four apparently different persons with the name Angela Sanford have applied for positions with Deloitte LLP subsidiaries. Defendant further admits that one of those applicants has made thirteen applications with Deloitte LLP subsidiaries (some but not all of which were with Deloitte & Touche LLP), and, upon information and belief, that applicant appears to be the Plaintiff. Defendant denies that all of these positions applied for by this candidate were "entry level accounting positions." Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6.

7. Defendant admits only that Plaintiff was not offered employment with Deloitte LLP or any of its subsidiaries, but denies as untrue any allegation or inference that it has violated the law or that damages are owing. Defendant denies as untrue any remaining allegations or inferences contained in paragraph 7.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Plaintiff's subjective beliefs contained in paragraph 8. Defendant denies as untrue any allegation or inference that it has violated the law or that damages are owing.

9. Defendant admits only that the candidate referenced in paragraph 6 above made at least one application through Walsh College on-campus recruiting, and applied for other positions on-line. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 9.

10. Denied. The candidate referenced in paragraph 6 above made thirteen applications with Deloitte LLP subsidiaries. Only eleven such applications were made with Deloitte LLP subsidiaries between 2005 and 2012, with less than ten of those applications being made to Deloitte & Touche LLP.

11. Defendant admits only that the candidate referenced in paragraph 6 above made seven applications to Deloitte LLP subsidiaries between 2009 and 2012, some but not all of which were with Deloitte & Touche LLP. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 11.

12. Defendant admits that the applicant referred to in paragraph 6 above sought intern and full-time positions with Deloitte LLP subsidiaries at varying points in time. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 12.

13. Defendant admits that the applicant referred to in Paragraph 6 of this Answer received two initial screening interviews with Deloitte LLP subsidiaries

prior to 2012—one for a tax intern position in 2006, and one for a tax intern position in 2008. Neither interview was with Deloitte & Touche LLP. Denied to the extent that Plaintiff alleges or implies that her "traditionally, non-African American name" or "suburban, metropolitan Detroit residential address" were factors in any invitations she received for job interviews.

14. Defendant denies Paragraph 14 to the extent that it suggests that none of Defendant's representatives were aware of Plaintiff's race prior to her being selected for interviews; among other things, Plaintiff had voluntarily indicated on one or more job applications that her race was "Black or African-American." Defendant lacks knowledge and information sufficient to form a belief as to when any particular interviewer first became aware of Plaintiff's race, but denies any implication that Plaintiff was denied employment because of her race.

15. Defendant admits that Plaintiff was never offered a position with Deloitte LLP or any of its subsidiaries, but denies as untrue any allegation that Plaintiff was never offered a position "in part because of her race," or any allegation or inference that Defendant has violated the law or that damages are owing.

16. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Defendant admits only that Plaintiff attempted to gain employment with Deloitte & Touche LLP in 2012. Defendant denies as untrue any remaining inferences contained in paragraph 19.

20. Defendant admits that Plaintiff participated in a Walsh College Campus interview in 2012. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the rest of the inferences and allegations contained in paragraph 20.

21. Defendant admits only that Plaintiff was not offered employment with Deloitte LLP or any of its subsidiaries, but denies as untrue any allegation or inference that it has violated the law or that damages are owing. Defendant denies as untrue any remaining allegations or inferences contained in paragraph 21.

22. Defendant admits that in 2012, Plaintiff participated in a Walsh College campus interview, and on October 16, 2012 had three interviews and a lunch at the Deloitte & Touche LLP Detroit office, as did numerous other entry-level candidates that day. Defendant further admits that Plaintiff was not offered employment with Deloitte LLP or any of its subsidiaries following those

interviews, but denies as untrue any allegation or inference that it has violated the law or that damages are owing. Defendant denies as untrue any remaining allegations or inferences contained in paragraph 22.

23. Defendant denies as untrue the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. Defendant denies as untrue the allegations in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendant admits that, in the 2012 recruiting season, the Deloitte & Touche LLP Detroit office offered employment for the entry-level positions at issue to six men and five women, and that those eleven individuals included people who were African American, Asian, Caucasian, and Hispanic. Defendant denies that it knew the ages of the candidates at the time of their hiring, but has subsequently determined (for the ten of the eleven who have since started work with Deloitte & Touche LLP) that the candidates were between the ages of 21 and 34 years old at the time the offers were extended.

26. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Defendant denies as untrue the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint, including the inference or allegation that a CPA license, advanced degree, or auditing and accounting experience (beyond internships, summer positions, or school jobs) were qualifications for the entry-level position that Plaintiff had sought.

29. Defendant denies as untrue the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant denies as untrue the allegation in Paragraph 30 as all of the candidates had at least a 3.2 GPA in his or her undergraduate degree program, Master's Degree program, or both.

31. Defendant admits that it offered employment to applicants who did not have a CPA license, and that it offered employment to applicants who did not then have the one year's work experience necessary, among other things, to obtain a CPA license. Defendant denies as untrue the remaining inferences and allegations in Paragraph 31 of Plaintiff's Second Amended Complaint, including (1) the inference or allegation that possessing the one year's work experience necessary for a CPA license (or possessing a CPA license itself) was a qualification for the entry-level position that Plaintiff had sought, and (2) the inference or allegation that the candidates offered employment in the 2012

7

recruiting season were expected or required to obtain their CPA license as of the date of Plaintiff's Second Amended Complaint.

32. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Denied to the extent that Plaintiff alleges that "Defendant hires very few African American, over forty year old and/or female employees." Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Denied to the extent that Plaintiff alleges that "the percentage of African Americans, over forty year old and/or women Defendant hired was disproportionate to the number of African American, over forty year old and/or women applicants." Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Defendant admits that Plaintiff filed a charge of discrimination with the Michigan Department of Civil Rights and the U.S. Equal Opportunity Commission on March 29, 2013, but denies as untrue any allegation or inference that it has violated the law or that damages are owing.

36. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

## COUNT I:  Race Discrimination in Continuous Violation of Title VII of the Civil Rights Act of 1964

37-51: Count I of the Second Amended Complaint is subject to Defendant's pending motion to dismiss the Second Amended Complaint in part, and thus no answer is due for the paragraphs contained therein unless the Court denies the motion.  *See*  Fed.R.Civ.P. 12(a)(4); *Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978).

## COUNT II:  Race Discrimination in Violation of the Michigan Elliott-Larsen Civil Rights Act

52. Defendant incorporates by reference its answers to Paragraphs 1 through 51 of Plaintiff's Second Amended Complaint as though fully set forth herein.

53. Defendant neither admits nor denies the allegations contained in paragraph 53 because said allegations are a legal conclusion to which no response is required.

54. Defendant denies as untrue the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint.

55. Defendant denies as untrue the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint.

56. Defendant denies as untrue the allegations in Paragraph 56 of Plaintiff's Second Amended Complaint.

57. Defendant denies as untrue the allegations in Paragraph 57 of Plaintiff's Second Amended Complaint.

58. Defendant denies as untrue the allegations in Paragraph 58 of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

### COUNT III: Age Discrimination in Continuous Violation of the Age Discrimination in Employment Act

59-72: Count III of the Second Amended Complaint is subject to Defendant's pending motion to dismiss the Second Amended Complaint in part, and thus no answer is due for the paragraphs contained therein unless the Court denies the motion. *See* Fed.R.Civ.P. 12(a)(4); *Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978).

### COUNT IV: Age Discrimination in Violation of the Michigan Elliott-Larsen Civil Rights Act

73. Defendant incorporates by reference its answers to Paragraphs 1 through 72 of Plaintiff's Second Amended Complaint as though fully set forth herein.

74. Defendant neither admits nor denies the allegations in Paragraph 74 of Plaintiff's Second Amended Complaint for the reason that they state legal conclusions to which no response is required.

75. Defendant denies as untrue the allegations in Paragraph 75 of Plaintiff's Second Amended Complaint.

76. Defendant denies as untrue the allegations in Paragraph 76 of Plaintiff's Second Amended Complaint.

77. Defendant denies as untrue the allegations in Paragraph 77 of Plaintiff's Second Amended Complaint.

78. Defendant denies as untrue the allegations in Paragraph 78 of Plaintiff's Second Amended Complaint.

79. Defendant denies as untrue the allegations in Paragraph 79 of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

### COUNT V: Sex Discrimination in Continuous Violation of Title VII of the Civil Rights Act of 1964

80-93. Count V of the Second Amended Complaint is subject to Defendant's pending motion to dismiss the Second Amended Complaint in part, and thus no answer is due for the paragraphs contained therein unless the Court denies the

motion. *See* Fed.R.Civ.P. 12(a)(4); *Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978).

### COUNT VI: Sex Discrimination in Violation of the Michigan Elliott-Larsen Civil Rights Act

94. Defendant incorporates by reference its answers to Paragraphs 1 through 93 of Plaintiff's Second Amended Complaint as though fully set forth herein.

95. Defendant neither admits nor denies the allegations in Paragraph 95 of Plaintiff's Second Amended Complaint for the reason that they state legal conclusions to which no response is required.

96. Defendant denies as untrue the allegations in Paragraph 96 of Plaintiff's Second Amended Complaint.

97. Defendant denies as untrue the allegations in Paragraph 97 of Plaintiff's Second Amended Complaint.

98. Defendant denies as untrue the allegations in Paragraph 98 of Plaintiff's Second Amended Complaint.

99. Defendant denies as untrue the allegations in Paragraph 99 of Plaintiff's Second Amended Complaint.

100. Defendant denies as untrue the allegations in Paragraph 100 of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief she requests, and Defendant requests that judgment be entered for a no cause of action with costs and attorney fees to Defendant.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Second Amended Complaint, in whole or part, fails to state a claim upon which relief can be granted as a matter of fact and/or of law.

2. Upon information and belief, Plaintiff's claims are barred, in whole or part, by the equitable doctrines of laches, estoppel, or unclean hands.

3. Upon information and belief, Plaintiff failed, in whole or part, to mitigate her alleged damages.

4. Upon information and belief, Plaintiff's claims and/or damages may be barred or mitigated, in whole or part, by the doctrine of after-acquired evidence.

5. Upon information and belief, Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

6. Upon information and belief, Plaintiff's claims may be barred, in whole or part, because of her failure to exhaust administrative remedies.

7. Upon information and belief, Plaintiff's claim for punitive damages is barred by the Michigan Elliott-Larsen Civil Rights Act.

Defendant reserves the right to amend or supplement these affirmative defenses as rendered appropriate by discovery in this matter.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or any of the categories of damages claimed, and Defendant requests a judgment of no cause of action with costs and attorney fees to Defendant.

> By: */s/Thomas J. Davis*
> Elizabeth Hardy (P37426)
> Thomas J. Davis (D.C. #490033)
> KIENBAUM OPPERWALL
>  HARDY & PELTON, P.L.C.
> 280 N. Old Woodward Avenue
> Suite 400
> Birmingham, MI  48009
> (248) 645-0000
> ehardy@kohp.com
> tdavis@kohp.com
>
> Attorneys for Defendant

Dated:  May 12, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. SANFORD,                        Case No. 2:13-CV-15167

      Plaintiff,                               Honorable Sean F. Cox

v.

DELOITTE, LLP a/k/a
  DELOITTE & TOUCHE USA LLP,
  a/k/a DELOITTE & TOUCHE LLP

      Defendant.
_____/

| | |
|---|---|
| Alice B. Jennings (P29064) | Elizabeth Hardy (P37426) |
| EDWARDS & JENNINGS, PC | Thomas J. Davis (D.C. #490033) |
| 65 Cadillac Square, Suite 2710 | KIENBAUM OPPERWALL |
| Detroit, MI 48226 |   HARDY & PELTON, P.L.C. |
| (313) 961-5000 | 280 N. Old Woodward Avenue |
| ajennings@edwardsjennings.com | Suite 400 |
| | Birmingham, MI  48009 |
| Felicia Duncan Brock (P63352) | (248) 645-0000 |
| I.A.B. ATTORNEYS AT LAW, PLLC | ehardy@kohp.com |
| 25447 Plymouth Road | tdavis@kohp.com |
| Redford, MI 48239 | |
| (313) 318-3180 | *Attorneys for Defendant* |
| Duncan@iabattorneys.com | |

 *Attorneys for Plaintiff*

_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2014, I electronically filed the foregoing Defendant's Partial Answer to Second Amended Complaint and Affirmative Defenses with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

ajennings@edwardsjennings.com
Duncan@iabattorneys.com

I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

(no manual recipients)

/s/Thomas J. Davis
280 North Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
Email: tdavis@kohp.com
(D.C. #490033)

200223

2