## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Angela R. Sanford,

                Plaintiff,       Case No. 13-cv-15167
                                      Hon. Judith E. Levy
v.                            Mag. Judge David R. Grand

Deloitte, LLP,

                Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL MORE SPECIFIC DISCOVERY RESPONSES [27]

This is an employment discrimination case. Pending is plaintiff's motion for more specific responses to her second request for production of documents and for sanctions. (Dkt. 27.)

Plaintiff is a forty-two year-old African-American woman, and a former student of Walsh College. She has a bachelor's degree in accounting, a master's degree, and a CPA. Plaintiff alleges a discriminatory failure to hire by defendant in October 2012, under Title VII, the Age Discrimination in Employment Act, and Michigan's Elliot

Larsen Civil Rights Act ("ELCRA"), on the grounds of race, age, and gender.

The Court held a telephonic conference concerning discovery disputes in this matter on October 9, 2014. The parties were unable to resolve their disputes during that call, and the Court granted leave to plaintiff to file a motion to compel on or before October 16, 2014. Plaintiff did so on October 16, 2014. Following the subsequent responsive briefing, the Court held oral argument on the motion on November 13, 2014.

Plaintiff seeks discovery in response to four document requests propounded to defendant. Those requests are:

(1) The production of "any and all complete **job selection files** for any position for which Plaintiff Sanford applied and/or was interviewed from January 1, 2005 through present." (RFP 2)

(2) The production of "any and all **applications, resumes, interview score sheets**, as well as any other documents utilized during the hiring process for Kelly Dunbar, Jillian Esshaki, Justin Gorski, Trevor Kuenz, Lina Kustantin, Wonseck/Johann Lee, David Pacini, Tiffinique Walls, Tyler Webb, Ko Yamamoto, Ruoha/Viviann Yang, and Brian Harrison from January 1, 2005 through present." (RFP 3)

2

(3) The production of "any and all **applications, resumes, interview score sheets**, as well as any other documents utilized during the hiring process in which Brian Harrison was hired in 2011." (RFP 7)

(4) The production of "the complete **personnel records for any and all Defendant employees hired** for any position for which Plaintiff also applied from January 1, 2005 through present." (RFP 8)

(Dkt. 27 at 7-9 (emphasis in original).)

At the hearing, plaintiff agreed that defendant's November 10, 2014 production satisfied the second request, RFP 3. The Court also denied the fourth request, RFP 8, for the reasons set forth on the record at the hearing. Accordingly, only the first and third requests, RFPs 2 and 7, are still at issue.

A. "Job Selection Files"

With regard to RFP 2, the threshold issue is the meaning of the phrase "job selection files." Defendant contends that plaintiff did not define the phrase in either her requests for production or her briefing of this motion. At the hearing, plaintiff's counsel described a job selection file as including any documentation relating to the interview process, mainly consisting of the applications, resumes, and interview score sheets of *all* applicants for the positions to which plaintiff applied.

3

Defendant does not dispute the production of such files for jobs to which plaintiff applied on or after December 18, 2010.   Defendant argues, however, that the statute of limitations on plaintiff's ELCRA claims bars discovery for any jobs applied to prior to December 18, 2010.

Plaintiff's argument for discovery prior to December 18, 2010 rests on two grounds: (1) discovery related to hiring decisions outside of the statute of limitations may lead to the discovery of a continuing violation under ELCRA; and (2) plaintiff is entitled to discover relevant "background evidence" for her claims under Title VII.

## 1. ELCRA Continuing Violations

ELCRA contains a three-year statute of limitations.   M.C.L. § 600.5805(10).   Plaintiff filed suit on December 18, 2013.   Plaintiffs in ELCRA actions are permitted to "sue on the basis of a defendant's actions that occurred outside of the limitations period if those actions were part of a continuing course of conduct."   *Id*.   The Michigan Supreme Court in *Sumner v. Goodyear Tire & Rubber Co.*, 427 Mich. 505 (1986), set forth the factors for determining whether a continuing course of discriminatory conduct exists:

> The first is subject matter.  Do the alleged acts involve the same type of discrimination, tending to connect them in a

4

> continuing violation? The second is frequency. Are the
> alleged acts recurring (*e.g.*, a biweekly paycheck) or more in
> the nature of an isolated work assignment or employment
> decision? The third factor, perhaps of most importance, is
> degree of permanence. Does the act have the degree of
> permanence which should trigger an employee's awareness
> of and duty to assert his or her rights, or which should
> indicate to the employee that the continued existence of the
> adverse consequences of the act is to be expected without
> being dependent on a continuing intent to discriminate?

*Id.* at 538.

In this case, the first *Sumner* element is unclear on review of plaintiff's complaint. At the hearing, plaintiff's counsel did not argue that she was discriminated against each time defendant declined to hire her, but instead seeks discovery to determine whether the theory of a continuing violation is supportable.

The second *Sumner* element is not met here. Plaintiff alleges a number of isolated employment decisions taking place over the course of seven-plus years, rather than recurring discriminatory behavior.

The third *Sumner* element requires a more searching inquiry into plaintiff's complaint. Plaintiff alleges that she was denied hire in October 2012. She also alleges that she "became aware that Defendant hires very few African American, over forty year old and/or female

5

employees" at some point before she filed suit.  (Dkt. 25 at 4.)  However, plaintiff does not allege that the acts that occurred prior to October 2012, constituted actionable discrimination.   Instead, plaintiff seeks discovery into the prior acts to determine whether they might plausibly be considered discriminatory, with the intent of amending her complaint to allege a continuing course of discriminatory conduct at some later date.

Discovery related to defendant's conduct outside of the statute of limitations in this matter is not "reasonably calculated to lead to the discovery of admissible evidence" in this case.  Fed R. Civ. P. 26(b)(1). Instead, it is an attempt to obtain information that could support amending the complaint to include otherwise time-barred claims, and will be denied.

### 2. Title VII "Background Evidence"

Plaintiff next argues that the pre-December 18, 2010 job selection files constitute relevant "background evidence" for her Title VII claims.

A plaintiff asserting a Title VII claim may use prior discriminatory acts "as background evidence to support a timely claim." *AMTRAK v. Morgan*, 536 U.S. 101, 128 (2002).  The Sixth Circuit,

likewise, has held that "even time-barred acts are admissible as relevant background evidence in a proceeding in which the status of a current practice is at issue." *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1182 (6th Cir. 1995).

The issue in this case is that plaintiff has not alleged prior discriminatory acts, but instead seeks discovery to determine whether she can assert that prior acts were discriminatory. Plaintiff has alleged only a single discriminatory act in her complaint: the failure to hire in October 2012. The cases plaintiff relies on, including *Cantrell*, each concern whether otherwise time-barred claims are themselves *admissible evidence*, not whether discovery should properly be expanded to discover other discriminatory acts. *See also Downey v. S. Natural Gas Co.*, 649 F.2d 302, 305 (5th Cir. 1981) (prior claims of demotion and failure to transfer were admissible to prove current claim). The Court does not interpret this principle to be so expansive as to allow plaintiff to conduct discovery as to whether she may possibly have time-barred claims of which she was otherwise unaware.

As defendant correctly argues, discovery into hypothetical time-barred claims would force the Court into "mini-trial[s]" on each of those

7

previous acts.  *Jackson v. City of Chicago*, 552 F.3d 619, 624 (7th Cir. 2009).  In cases where courts have admitted prior discriminatory acts as background evidence, it has been where plaintiffs have alleged discrete acts and incidents, contended to be discriminatory, without need for the court to determine whether the acts constitute discrimination.  *See, e.g.*, *Austion v. City of Clarksville*, 244 Fed. Appx. 639, 651 (6th Cir. 2007) (displays of racist cartoons and use of racial epithets were admissible background evidence); *Ploscowe v. Kadant*, 121 Fed. Appx. 67, 72 (6th Cir. 2005) (various racist comments were admissible background evidence); *Downey*, *supra*.

Here, plaintiff seeks discovery for the express purpose her counsel set forth during oral argument:  a potential "pattern or practice" claim arising from those prior failures to hire.  Not only would any evidence plaintiff sought potentially lead to "mini-trials," the likely purpose of this discovery is to revive time-barred claims at trial under a new theory.  However, a "pattern-or-practice method of proving discrimination is not available to individual plaintiffs" in Title VII cases.  *Bacon v. Honda of Am. Mfg.*, 370 F.3d 565, 575 (6th Cir. 2004).  Nor may plaintiffs revive prior discrete acts of discrimination using the

pattern or practice method. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A party . . . must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."); *Bacon*, 370 F.3d at 342 (holding that discrete discriminatory acts occurring beyond the 300-day period prior to the filing of an EEOC charge are time-barred).

Plaintiff is not entitled to discovery related to those time-barred claims in this suit, in which plaintiff does not have a viable cause of action arising from those acts. Permitting the requested discovery would simply open the door to plaintiff attempting to litigate claims that are undeniably untimely.

B. Brian Harrison

Plaintiff seeks documents related to Brian Harrison, as well as Harrison's deposition. Plaintiff argues that she applied for a job in 2011 for which Harrison was ultimately hired, making him a proper comparator within the statute of limitations for her ELCRA claim.

Defendant argues that plaintiff did not apply for the job in question, and that even if she had, Harrison was hired through a different process.

9

The job in question was entitled "Staff, Audit Full-Time, and was posted on Walsh College's web site on August 22, 2011. (Dkt. 29-9 at 2.) The job listing gave the following instructions:

> IMPORTANT!!!
> To be considered for an interview you must apply through career services AND you must also apply online through the Deloitte website!
>
> [...]
>
> Submit a job-specific profile by visiting the career section of www.deloitte.com.   Apply to a "campus/student" job type opportunity for your school.   Answer all the pre-screening questions asked.

(Id.)

At her deposition, plaintiff stated that she did not know if she applied for the job.  (Dkt. 29-8 at 8.)  Plaintiff described how she believed the system worked, which was that students did not actually apply for positions through the Deloitte website, but instead set up a profile that they updated only when they had new information to enter, rather than when they apply to a new job.  (Id. at 7.)  Plaintiff believes the only task she needed to complete to apply for this specific position was to apply through the Walsh College website, without doing

anything further on defendant's website.   The only evidence plaintiff provides that she did apply for the job is a purported Walsh College printout that is undated and untitled, with a single entry circled.   The entry reads:

Staff, Audit Full-Time | Deloitte | Details...      9/8/11  9/28/11        Employer Declined

(Dkt. 30-3 at 3.)   Plaintiff does not describe what the dates in the entry refer to, or what "Employer Declined" means.

Defendant submitted the declaration of Taylor Mathis, one of defendant's Campus Recruiting Specialists, in response to plaintiff's motion. (Dkt. 29-16.)    In that declaration, Mathis states that defendant's recruiters could access the Walsh College system and individually request that applicants who had applied through Walsh College apply through Deloitte's website.  (Id. at 3-4.)   Mathis further states that Harrison applied for the position plaintiff claims she applied for through Walsh College, but was not selected for an interview.  (Id. at 4-5.)  Instead, Mathis states that defendant hired Harrison based on a separate application in response to a different listing, submitted through Deloitte's website at some later time.  (Id. at 5.)

11

Plaintiff has failed to plausibly demonstrate that she properly applied for the position in question in 2011. The position description states that applicants were required to submit a job-specific profile on defendant's website, signal that they were applying for a specific type of position, and answer certain screening questions in order to apply for the job. Plaintiff, in her deposition, repeatedly insisted that she did not need to do anything more on defendant's website than set up a general profile on the website in order to apply for the job.

However, based on the Mathis declaration, plaintiff is entitled to document discovery as to the applications, resumes, interview score sheets, and other documents concerning Harrison's hire. In particular, plaintiff is entitled to discovery on the issue of whether defendant specifically requested that Harrison submit his subsequent application on Deloitte's website following his prior application through Walsh College. Plaintiff and Harrison were similarly situated in that both completed applications through Walsh College, though plaintiff did not do so for the position Harrison ultimately was hired to fill. Based on Mathis' representations, defendant could have reached out to either and recruited them to apply through defendant's website. If defendant did

12

so with Harrison in response to his earlier Walsh College application, that recruitment would potentially open the door to Harrison being a proper comparator for plaintiff in her ELCRA claim.

Though plaintiff may seek document discovery, she is not yet entitled to take the deposition of Harrison. Based on the record, plaintiff cannot yet show that Harrison actually applied for and received the same job she claims to have applied for. Permitting a deposition of Harrison at this juncture is not reasonably calculated to lead to the discovery of admissible evidence unless document discovery shows that Harrison's interview and hire were reasonably linked to his prior Walsh College application.

C. Expenses

Fed. R. Civ. P. 37(a)(5)(C) permits the Court, if a motion for an order compelling discovery is granted in part and denied in part to, at its discretion and "after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

The Court declines to apportion expenses for this motion.

D. Conclusion

For the reasons stated above, it is hereby ordered that:

13

Plaintiff's motion to compel (Dkt. 27) be DENIED as to documents responsive to her "job selection file" request prior to December 18, 2010, and her request to depose Brian Harrison, and GRANTED as to documents related to her request for Harrison's application, resumes, interview score sheets and other documents related to his hire.

IT IS SO ORDERED.

Dated: November 19, 2014        s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2014.

                                   s/Felicia M. Moses
                                   FELICIA M. MOSES
                                   Case Manager