UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Angela R. Sanford,

               Plaintiff,        Case No. 13-cv-15167
                                   Hon. Judith E. Levy
v.                                       Mag. Judge David R. Grand

Deloitte, LLP,

               Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
SECOND MOTION TO COMPEL THE
DEPOSITION OF BRIAN HARRISON [39]**

Pending before the Court is plaintiff's second motion to compel the deposition of Brian Harrison. (Dkt. 39.) Pursuant to E.D. Mich. Local R. 7.1(f)(2), the Court will determine the motion without oral argument.

I.    Background

On November 19, 2014, the Court denied plaintiff's request to depose Brian Harrison as a comparator in relation to her age, race, and gender discrimination claims. (Dkt. 33.) The Court did so because

plaintiff failed to show that she actually applied for the September 2011 position with defendant that Harrison applied for. (Id. at 12.)

The application for the position, bearing defendant's internal identifier code of S12WALAF13SEP-XA, involved a two-step process. First, applicants were to apply through the Walsh College website, which was the college that both plaintiff and Harrison attended. Both applied through the Walsh College website. Second, applicants were to submit a job-specific profile through defendant's website. Plaintiff testified at her deposition that she did not believe she needed to do that to apply for the job, and does not believe she did so. (Id. at 10-11.)

Plaintiff showed that defendant, at its discretion, would reach out to applicants who had completed the Walsh College portion of the application, but not the portion of the application on defendant's website, and ask those applicants to complete the second portion of the application. (Id. at 11.) Based on that evidence, the Court ordered limited document discovery regarding the circumstances of Harrison's hire. (Id. at 12.) The Court held that plaintiff could not depose Harrison unless she could reasonably show that "Harrison's interview and hire were reasonably linked to his prior Walsh College application."

2

(Id. at 13.) Plaintiff could only do so by showing that defendant "reached out to [Harrison] and recruited [him] to apply through defendant's website" for the same position that plaintiff did not completely apply for in September 2011. (Id. at 12.)

On January 13, 2015, the Court held a telephonic conference with the parties regarding Harrison's deposition, and granted plaintiff leave to file this motion.

II. Analysis

Plaintiff states that, following Harrison's 2011 application for the S12WALAF13SEP-XA position, Harrison received a form e-mail confirmation of his application October 6, 2011. (Dkt. 39 at 3.) Harrison's application was rejected on October 12, 2011. (Id. at 4.) It is unclear from her brief, but plaintiff states that she did not receive either a similar confirmation or rejection of her application. (Id. at 3.)[1]

This further indicates that plaintiff did not properly apply for the position at issue. If plaintiff did not receive the automated confirmation

---

[1] Plaintiff specifically states that she was not supplied with "a similar rejection," but says so following the confirmation e-mail Harrison received, rather than his rejection. The Court will assume for the purposes of this motion that she is referring to the confirmation e-mail, as the sentence directly follows the reference to that document.

3

e-mail stating that she successfully applied for the position, and plaintiff admits that she did not complete the second step of the application process, then plaintiff has failed to supply any evidence that she properly applied for this position.[2]

Plaintiff next states that LaDonna Upshaw, a recruiter for defendant, reached out to Harrison in January 2012, after receiving his résumé from Rehmann, a firm where Harrison was interning at the time. (Id. at 4.) Upshaw sought to schedule an interview with Harrison regarding *another* entry-level opening. On January 9, 2012, following communication between Harrison, Upshaw, and Jessica Rose Griggs, another of defendant's recruiters, Harrison filled out an application for a position with an internal identifier code of S12DETAF13SEP-XA. (Id. at 4; Dkt. 39-4 at 28-60.) Harrison interviewed for the position on January 13, 2012. (Dkt. 39 at 4.)

---

[2] Plaintiff argues in her reply brief that all she needed to do in order to be considered an applicant under Title VII was to make "every reasonable attempt to convey [her] interest in the job to the employer." (Dkt. 45 at 11 (citing *Owens v. Wellmont, Inc.*, 343 Fed. Appx. 18, 25 (6th Cir. 2009).) Even under this standard, the Court cannot find that plaintiff has shown she actually applied for the September 2011 opening, when she did not follow the application instructions because she believed she did not need to.

4

Plaintiff now seeks to compel the deposition of Harrison based on the above evidence. Her argument rests on the proposition that "Defendant has produced no documents showing any 'Deloitte' application [by Harrison], other than the 2011 Walsh application to Defendant." (Id. at 10.) Because, according to plaintiff, Harrison did not submit a second application, the only basis for Upshaw's recruitment and Harrison's eventual hire had to have been the original Walsh College application.

Plaintiff provided the Court with the January 2012 application Harrison submitted to defendant, which defendant provided to plaintiff. (Dkt. 39-4 at 28-60.) Plaintiff explicitly set forth in her motion that "[o]n January 9, 2012, Brian Harrison filled out a Deloitte application on-line." (Dkt. 39 at 4.) Plaintiff is undeniably aware that Harrison filled out a second application. Plaintiff should also be aware, based on a review of that second application, that the job Harrison applied for in January 2012 had a different internal identifier code than the one Harrison applied for in October 2011.

The Court stated previously that it would only allow the deposition of Harrison if plaintiff could show that Harrison's eventual

5

interview and hire were reasonably linked to his October 2011 application. Plaintiff has not shown that. Instead, plaintiff has shown that Harrison's résumé made its way to defendant's recruiter through his internship at Rehmann, and that Harrison submitted a second, independent application for a different opening three months after he was rejected for the relevant job opening that he applied for through Walsh College.

To the extent that plaintiff attempts to tie the second application in January 2012 to the first application in October 2011, the ties are, at best, tenuous. The e-mail Harrison received on January 6, 2014 from Griggs stated "Greetings from Deloitte Campus Recruiting." (Dkt. 39 at 10.) At Harrison's January 13, 2012 interview, for which the forms were captioned "Campus Candidate Interview Assessment Second Round Interview," Walsh College is listed as Harrison's college or university. (Id.)

As stated at Upshaw's deposition, "Campus Recruiting" handled interviews for all entry- level positions. (Dkt. 43-4 at 8.) The facts plaintiff points to do not tie Harrison's second application to his first application; they simply show that Harrison, a Walsh College student

6

applying for an entry-level position, was treated like any student applying for any entry-level position.

Finally, plaintiff argues that Harrison's January 2012 application did not exist, despite providing the application to the Court, because Upshaw never saw Harrison's application while recruiting him. As Upshaw testified at her deposition, she never saw any application for any position, because as a recruiter, she had no need to look at anything beyond a résumé for potential applicants. (Id. at 7.)

Plaintiff has failed to show a reasonable link between Harrison's rejected October 2011 application and his second, successful January 2012 recruitment, application, and hiring. This is so particularly where defendant clearly rejected Harrison's application in October 2011, received Harrison's résumé again through a non-Walsh College source following that rejection, and required Harrison to submit a different application for a different opening in January 2012.[3]

---

[3] In her reply, plaintiff makes reference to Upshaw receiving plaintiff's résumé from Arica Harris in 2012 for a senior audit position, and plaintiff not being interviewed for the job. (Dkt. 45 at 10.) In referencing this later application, plaintiff cites to a portion of Upshaw's deposition that is not provided in the attached exhibits to the reply. The Court is unclear why plaintiff makes this reference, or what relevance it has to the motion. (*cont'd*.)

7

Accordingly, Harrison is not a proper comparator for plaintiff, and the Court will not compel his deposition.

III. Conclusion

For the reasons stated above, it is hereby ordered that:

Plaintiff's second motion to compel the deposition of Brian Harrison is DENIED.

IT IS SO ORDERED.

Dated: February 11, 2015         s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                         United States District Judge

---

Plaintiff states that the job for which she submitted a résumé in August 2012 was a non-entry-level senior audit position. As defendant points out in its sur-reply, not only was the position not the same as the entry-level position to which Harrison applied, plaintiff submitted her résumé in August 2012, eight months after Harrison applied and was hired in January 2012. (Dkt. 47 at 4-5.)

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2015.

                                                s/Felicia M. Moses
                                                FELICIA M. MOSES
                                                Case Manager